IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CURTIS WADE LINDSEY, 1754070,<br>Petitioner, | )<br>)<br>) |
| v. | ) No. 3:14-CV-2400-B |
| WILLIAM STEPHENS, Director, TDCJ-CID,<br>Respondent. | )<br>)<br>)<br>) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Procedural Background**

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges two convictions for aggravated assault with a deadly weapon. *State of Texas v. Curtis Wade Lindsey*, Nos. F-11-51584-X and F-11-51562-X (6th Dist. Ct., Dallas County, Tex., Nov. 9, 2011). A jury found him guilty of both charges and assessed punishment at forty-five years in prison for each conviction to run concurrently.

On June 21, 2013, the Fifth District Court of Appeals affirmed Petitioner's convictions. *Lindsey v. State*, Nos. 05-11-01592-CR and 05-11-01593-CR (Tex. App. – Dallas, 2013, pet. ref'd). On August 21, 2013, the Court of Criminal Appeals refused Petitioner's petitions for discretionary review.

On January 20, 2014, Petitioner filed two state applications for writ of habeas corpus

challenging his convictions. *Ex parte Lindsey*, Nos. 81,087-01, -02. On April 9, 2014, the Court of Criminal Appeals denied the petitions without written order.

On June 27, 2014, Petitioner filed this federal petition for writ of habeas corpus. He argues:

(1) he received ineffective assistance of counsel when counsel failed to communicate a plea offer;

(2) the state habeas court was biased;

(3) he received ineffective assistance of counsel when counsel failed to investigate and request an expert to test the State's ballistics and gun shot residue evidence;

(4) he received ineffective assistance of counsel when counsel failed to investigate or call eye-witnesses;

(5) his conviction was the result of an illegal search and seizure; and

(6) he received ineffective assistance of counsel when counsel failed to challenge the illegal search and seizure.

## II. Discussion

**1. Standard of Review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

(d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

  (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

## 2. Procedural Bar

Respondent argues Petitioner's claims are unexhausted and procedurally barred because Petitioner did not raise his claims in state court. A federal court will ordinarily not review a claim where a petitioner has not presented his claim to the highest court of the state and the state court to which he would be required to present his claims would now find the claim procedurally barred. *See Coleman v. Thompson*, 501 U.S. 722, 729-31 (1991).

The record reflects that Petitioner failed to raise any of his current claims in state court. Accordingly, the Texas Court of Criminal Appeals has not reviewed the claims. The claims cannot be reviewed in state court at this time because if Petitioner were to file another state habeas petition it would be subject to dismissal as an abuse of the writ.[1] *See* TEX. CODE CRIM.

---

[1] Under the Texas abuse-of-the-write doctrine, a Texas state court cannot grant a habeas petition from a prisoner if that prisoner has already had a habeas petition denied by the state courts, absent specifically enumerated exceptions.

PROC. Art. 11.07; *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) (finding unexhausted claim, which would be barred by the Texas abuse-of-the-writ doctrine if raised in a successive state habeas petition, is procedurally barred).

To overcome the procedural bar established by the abuse-of-the-writ doctrine, a petitioner must demonstrate: (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider the claims will result in a "fundamental miscarriage of justice." *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997) (citing *Coleman*, 501 U.S. at 750).

Petitioner has failed to show any cause for his failure to present his claims to the Texas Court of Criminal Appeals. He has also failed to demonstrate the need to prevent a miscarriage of justice. This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To establish the required probability that he was actually innocent, a petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show it was more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id.* (citing *Schlup*, 513 U.S. at 327). Petitioner has presented no new, reliable evidence showing that it was more likely than not that no reasonable juror would have convicted him. Petitioner has not overcome the state procedural bar. Accordingly, the procedural default doctrine bars federal habeas relief on Petitioner's claims.

3. **Search and Seizure**

Petitioner claims his conviction is the result of an unlawful search and seizure. A federal

court may not grant habeas relief based on a Fourth Amendment violation where the state has provided an opportunity for full and fair litigation of the issue. *Stone v. Powell*, 428 U.S. 465, 493-95 (1976). This rule applies to both unlawful arrest claims and illegal search and seizure claims. *Hughes v. Dretke*, 412 F.3d 582, 596 (5th Cir. 2005). The Fifth Circuit has held that "an opportunity for full and fair litigation" means just that – an opportunity. *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978). "If a state provides the processes whereby a defendant can obtain full and fair litigation of a fourth amendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes." *Id.*; *see also Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002). A habeas petitioner must plead and prove that the state court proceeding was inadequate in order to obtain post-conviction relief in federal court. *Davis v. Blackburn*, 803 F.2d 1371, 1372 (5th Cir. 1986).

Petitioner has failed to show that the state court proceedings were inadequate to obtain a full and fair litigation of his Fourth Amendment claims. This claim is therefore without merit and should be denied.

**4.     State Habeas Claims**

Petitioner claims the state habeas judge was biased against him. Federal habeas corpus relief, however, is limited to violations of the Constitution or federal laws. *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000). Petitioner's claims regarding the state habeas process do not state a claim for federal habeas relief. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir. 2001) ("infirmities in the state habeas process do not constitute grounds for relief in federal court"). Petitioner's claim should be denied.

5.  **Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## III. Recommendation

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this ___ day of _____, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).